## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JOSEPH SANDERS** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NUMBER  03-2884** |
| **CHET MORRISON OFFSHORE, L.L.C.** | * | **SECTION "L"(1)** |

### ORDER AND REASONS

Before the Court is the motion of Defendant Chet Morrison Offshore, L.L.C.'s Objection to the Ruling of Magistrate Judge Sally Shushan denying Defendant's motion to compel Plaintiff Joseph Sanders to attend a neuropsychological evaluation.  For the following reasons, Defendant's motion is DENIED.

### I. BACKGROUND

On or about July 29, 2003, Plaintiff Joseph Sanders ("Plaintiff") was injured aboard a pipe line barge #11 while employed by Defendant Chet Morrison Offshore, L.L.C. ("Defendant") as a seaman and crew member.  Plaintiff alleges that he suffered injuries to "body and mind" due to Defendant's negligence and the vessel's unseaworthiness.  Subsequent physical examinations of Plaintiff by various doctors revealed that Plaintiff suffered shoulder and back injuries as a result of the accident.  Additionally, Dr. Christopher Cenac, an orthopaedic surgeon who examined Plaintiff on March 23, 2005, commented that "the patient appears to have significant psychological dysfunction as noted by other examiners and myself."  Dr. Vaclav Hamsa, a physician who treated Plaintiff on or about July 27, 2004, transferred Plaintiff to another physician after Plaintiff behaved belligerently towards Dr. Hamsa and his staff.

On April 26, 2005, Defendant moved to compel Plaintiff to attend a neuropsychological

evaluation with Dr. Kevin Greve.  First, Defendant argued that Plaintiff's mental condition was in controversy because Plaintiff's complaint alleged that he had suffered "mental anguish and emotional distress".  Second, Defendant contended that good cause existed for a neuropsychological evaluation because the reports of Drs. Cenac and Hamsa established the possibility that Plaintiff had misreported his symptoms as a result of a psychological affliction.  Defendant further argued that Plaintiff would likely seek to capitalize on the reports of Drs. Cenac and Hamsa by seeking further damages for mental distress.  Third, Defendant argued that a neuropsychological examination was necessary because it was the only means by which Defendant could establish Plaintiff's state of mental health.

Plaintiff opposed Defendant's motion to compel.  First, Plaintiff contended that his mental condition was not in controversy because the "mental anguish and emotional distress" alleged in the original complaint were merely the customary symptoms attendant to serious physical injury.  Second, Plaintiff averred that he had not engaged his own neuropsychologist and that his deadline for doing so had already passed.  Third, Plaintiff argued that granting the Defendant's motion to compel would require Plaintiff to hire his own neuropsychologist, thereby delaying the trial and increasing its cost.

On May 9, 2005, Magistrate Judge Sally Shushan issued an order denying Defendant's motion to compel.  On May 20, 2005, Defendant objected and appealed to this Court for a reversal of Judge Shushan's decision.  On May 31, 2005, Plaintiff filed an opposition to Defendant's motion.  Each party has reiterated the arguments outlined in the paragraphs above at the present stage of these proceedings.

## II. LAW & ANALYSIS

Objections to a nondispositive pre-trial matter referred to a Magistrate Judge are permissible under Fed. R.Civ.P. 72(a). A District Judge subjects a Magistrate Judge's decision to a deferential "clearly erroneous or contrary to law" standard of review. *Id.; see also Castillo v. Frank,* 70 F.3d 382, 385 (5th Cir. 1995). Motions to compel a mental examination of a party are governed by Fed. R.Civ.P. 35(a). The movant must affirmatively demonstrate both: (1) that the mental state of the non-movant is in controversy; and (2) that good cause exists for granting the motion. *Schlagenhauf v. Holder*, 379 U.S. 104, 117-20 (1964).

In the present case, Magistrate Judge Shushan's decision was neither clearly erroneous nor contrary to law. Judge Shushan's May 9 Order reveals that she considered the arguments and evidence presented by both parties. Judge Shushan also applied the appropriate laws and determined that Defendant failed each prong of the *Schlagenhauf* test. Judge Shushan held that the nature of Plaintiff's claims, as well as Plaintiff's decision to not hire his own neuropsychological examiner before the deadline for doing so passed, demonstrated that Plaintiff's mental condition is not at issue in the present case. Therefore, Judge Shushan reasonably determined that Plaintiff's mental state is not in controversy and that good cause for compelling Plaintiff to undergo a neuropsychological examination does not exist.

## III. CONCLUSION

For the foregoing reasons, Defendant's objection to Ruling of the Magistrate Judge and request to compel Plaintiff to attend a neuropsychological evaluation is DENIED.

New Orleans, Louisiana, this  21st  day of July, 2005.

UNITED STATES DISTRICT JUDGE